UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-782-H

ROYAL CONSUMER PRODUCTS, LLC           PLAINTIFF

v.

ACCESS AMERICA TRANSPORT, INC.          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is an action by Royal Consumer Products ("Royal") seeking to obtain declaratory relief pursuant to KRS 418.040 confirming debits taken against the invoices of a broker of freight services, Access America, for freight claims. Freight claims are those for loss of damage to cargo, and may also be made for consequential damages, should those prove to have been within the contemplation of parties. The complaint also states causes of action for damages pursuant to the Carmack Amendment, 49 U.S.C. § 14706, *et seq.* and for breach of contract. Plaintiff has moved to dismiss various parts of the complaint. The Court will address each in turn.

First, Defendant asserts that the complaint does not provide adequate notice of the loads it issued or the basis for denying the payment of the loads. The complaint does provide a short and succinct statement of the basic claims, but does not state or identify the actual loads in question or the reason for the denial of payment of those loads. Consequently, in this type of transaction, the complaint does not contain sufficient factual statements to give Defendant adequate notice of the claims. Rather than dismissing the complaint, the Court will allow Plaintiff additional time to make a more definite statement.

Defendant asserts that the facts of the complaint do not make the disputed transaction

subject to the Carmack Amendment.  Indeed, the complaint does not set forth facts with which would appear to implicate the Carmack Amendment.  Indeed, Plaintiff asserts that it is a broker, which in most cases would not make it subject to the Carmack Amendment.  *See* 49 U.S.C. § 14706 (2005).  Plaintiff asserts that there could be circumstances under which a self-defined broker may qualify under the Carmack Amendment but does not explain how that could occur in the instant circumstances.  Therefore, the Court will dismiss Plaintiff's claim under the Carmack Amendment.

Finally, Defendant argues that the complaint does not allege any facts entitling Plaintiff to consequential damages or attorney's fees.   Consequential damages, Defendant is correct as a general rule, may not be favored under the Carmack Amendment.  But the Court has dismissed those claims and it is not clear under these circumstances whether consequential damages would be applicable under the remaining contract claims.  Therefore, the Court has no sound basis for dismissing Plaintiff's claim for consequential damages at this time.

As to the claim of attorney's fees, it does appear that some of the bills of lading at issue may provide for payment of the shipper's attorney's fees under certain circumstances.  Whether that would apply to the claimed loads or others under these circumstances is not clear.  Therefore, the Court will not dismiss Plaintiff's claim for attorney's fees at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion is SUSTAINED IN PART and (1) Plaintiff's claim under the Carmack Amendment is DISMISSED WITH PREJUDICE and (2) on or before **December 23, 2013**, Plaintiff shall file an amended complaint containing a more definite and particularized statement of its claims.

IT IS FURTHER ORDERED that the remainder of Defendant's motion is DENIED.

cc:	Counsel of Record